AMERICAN RAILROAD CO. OF PORTO RICO v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Aguadilla.

No. 15.—Decided October 29, 1908.

EXPROPRIATION—PREVIOUS RECORD IN FAVOR OF OWNER OF LAND EXPROPRIATED.— No record can be entered in the registry of expropriated land under a judgment in condemnation proceedings, unless such land be previously recorded in the name of the defendant, in accordance with the provisions of article 20 of the Mortgage Law.

JUDGMENT IN CONDEMNATION PROCEEDINGS—STATUTORY CONSTRUCTION.—Section 9 of the act relating to condemnation proceedings, approved March 12, 1903, did not repeal the absolute and specific provisions of article 20 of the Mortgage Law, and both should be harmonized; section 9 of the said act being construed to mean that the title of ownership granted by a court in condemnation proceedings shall be recorded in the registry of property, but subject to the provisions of the Mortgage Law, which determines the cases and the manner in which records shall be made.

The facts are stated in the opinion.

*Mr. Franco Soto* for appellant.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Attorney Carlos Franco Soto on behalf of The American Railroad Co. of Porto Rico, from a decision of the Registrar of Property of Aguadilla, refusing to admit to record a deed of the condemnation of a number of tracts of land.

In the condemnation proceedings prosecuted in the District Court of Aguadilla by *The American Railroad Co. of Porto Rico* v. *Toribio Carrero et al.*, the said court rendered judgment on July 29, 1905, decreeing and ordering the condemnation of the tracts of land described in said judgment belong-

ing to the defendants, and that titles of ownership to such tracts be executed in favor of the plaintiff company, for record in the registries of property of the districts in which the properties condemned are located.

The American Railroad Co. of Porto Rico, presented a copy of the judgment referred to in the office of the Registrar of Property of Aguadilla, for the purpose of having recorded therein the tracts of land described in the same, and the registrar denied the record on the grounds set forth in the decision placed at the foot of such certified copy, reading as follows:

"The records of the preceding documents are denied, because the incurable defect is observed that the estates condemned have not been previously recorded in the name of the defendants or assignors, cautionary notices effective for 120 days not having been entered at the express request of the person presenting it. Aguadilla, August 17, 1908. Mariano R. Acosta, Acting Registrar."

The American Railroad Co. of Porto Rico took an appeal from this decision to this Supreme Court, and prays for the reversal thereof, invoking section nine of the act to provide for the condemnation of private property for the purposes and under the conditions therein named, approved March 12, 1903.

It is a fundamental principle of the Mortgage Law, embodied in article 20 thereof, that to record or enter instruments transferring or encumbering the ownership or possession of real property or property rights, the interest of the person conveying it, or in whose name the transfer or encumbrance is made, must be previously recorded, and registrars shall refuse to record said instruments as long as this requirement has not been complied with, being directly responsible for the damage they may cause third parties by the violation of this provision.

Section 9 of the act relating to condemnation proceedings, approved March 12, 1903, in providing that the court shall order that the judgment vesting in the petitioner the title to

the property be admitted to record in the proper registry of property, has in no way repealed the absolute and specific provisions of article 20 of the Mortgage Law, because this precept can and must be harmonized with the provisions of section nine of the Act of March 12, 1903, the latter being understood in the sense that the title of property issued by a court in condemnation proceedings shall be recorded in the registry of property, but subject to the provisions of the Mortgage Law which determines the cases and the manner in which records shall be made.

The decision of the Registrar of Property of Aguadilla of August 17 last, the subject of this appeal, is affirmed, and it is ordered that the documents presented be returned to him together with a certified copy of this decision for the proper purposes.

*Affirmed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.